UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

CHRISTOPHER LACCINOLE
*Petitioner*

2015 DEC 18   P 12: 48

C.A. No: U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Vs.

Truthfinder, Inc.
*Respondent*

CA 15- 535

### PETITION TO COMPEL ARBITRATION

Now comes the Petitioner and pursuant to 9 U.S.C. § 4, petitions this Court to compel consumer arbitration with Truthfinder, Inc. (hereinafter "Truthfinder") in the JAMS arbitration forum.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding a dispute over a consumer credit report. Respondent's contract provides that all disputes will be resolved by binding arbitration with the arbitration forum named as Judicate West. Petitioner, an individual, attempted to file an arbitration claim against Truthfinder with Judicate West to resolve a dispute between Petitioner and Truthfinder. As of November 9, 2015, Judicate West refuses to administer arbitrations with unrepresented parties. Petitioner therefore seeks an order directing that JAMS administer the arbitration between the parties.

### II. PARTIES

1.  Petitioner is a natural person, residing at 17 Richard Smith Road, Narragansett, Rhode Island 02882.

2.  Respondent Truthfinder is a Corporation organized under the laws of Delaware. Respondent's principal office is located in California.

3.  Respondent Truthfinder may be served upon its registered agent Paracorp

1

Incorporated at 2140 South Dupont Highway, Camden, DE 19934.

4. Respondent is a national credit reporting agency as defined by 15 U.S.C. § 1681a(f).

5. Respondent furnishes information regarding consumer information to third parties and is subject to the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

6. The Petitioner's information that the Respondent reports as a credit reporting agency was for the personal, family, or household use of the Petitioner.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction for this petition pursuant to 9 U.S.C. § 4.

8. This Court has jurisdiction over this matter pursuant to 28 USC § 1331.

9. This Court has jurisdiction over FCRA claims pursuant to 15 U.S.C. § 1681p.

10. This Court further has jurisdiction over this matter because Truthfinder's arbitration agreement provides,

> "THIS ARBITRATION CONTRACT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND ITS INTERPRETATION, APPLICATION, ENFORCEMENT AND PROCEEDINGS HEREUNDER SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT ("FAA")." (Exhibit A, ¶ 1)

11. Venue is proper pursuant to 28 U.S.C. § 1391(b).

12. Arbitration is provided for in Paragraph 1 of the Truthfinder Terms of Use agreement. A copy of this contract is attached to this Petition as Exhibit A.

### IV. FACTUAL ALLEGATIONS

13. On October 27, 2015, Petitioner mailed a written request for his credit report to Truthfinder. This request was sent via US Certified, Return Receipt Requested Mail. In that written request, Petitioner included two forms of identity verification and a check for $12.00 to pay for Petitioner's credit report.

14. On October 30, 2015, Truthfinder received and signed for Petitioner's request for a credit report.

15. On November 6, 2015, Truthfinder sent Petitioner correspondence, wherein Truthfinder refused to provide Petitioner a copy of his credit report.

16. Truthfinder's refusal to provide Petitioner a copy of his credit report was willful and knowing.

17. Petitioner incurred actual damages including emotional distress as a result of Respondent's failure to comply with the law.

18. In the most recent terms of use agreement with Truthfinder, the arbitration agreement notably requires that both parties arbitrate any claims or disputes:

> 1. <u>ARBITRATION AND CLASS ACTION WAIVER</u>. EXCEPT WHERE PROHIBITED BY LAW, YOU AND THE COMPANY AGREE THAT ALL CLAIMS, DISPUTES OR CONTROVERSIES BETWEEN YOU AND THE COMPANY (including disputes against any agent employee, subsidiary, affiliate, predecessor in interest, successor, or assign of the other), ITS PARENTS, AFFILIATES, SUBSIDIARIES OR RELATED COMPANIES, relating to our Website, the SERVICES AND MATERIALS published by the Company on or through the Website, any transaction or relationship between us resulting from your use of our Website, communications between us, or the purchase, order, or use of our MEMBERSHIP PLANS, the information provided in connection with our background information services, and your use of our background information services, INCLUDING, WITHOUT LIMITATION, TORT AND CONTRACT CLAIMS, CLAIMS BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTE, LAW, ORDER, ORDINANCE OR REGULATION, AND THE ISSUE OF ARBITRABILITY, SHALL BE RESOLVED BY THE FINAL AND BINDING ARBITRATION PROCEDURES SET BELOW.
>
> (Exhibit A, ¶ 1)

19. The Truthfinder arbitration agreement provides (Paragraph 1, Subparagraph 2): "The arbitration shall be conducted by Judicate West, and shall be conducted using the then current Judicate West commercial rules and regulations."

3

20. The Truthfinder arbitration agreement further provides, "If **for any reason** Judicate West is unavailable, the parties **shall** mutually select another arbitration forum." (emphasis added).

21. On November 9, 2015, Judicate West informed Petitioner that it refused to arbitrate disputes with unrepresented parties (*pro se* parties).

22. Petitioner is an unrepresented party.

23. On November 11, 2015, Petitioner sent correspondence to Truthfinder where Petitioner proposed the alternate arbitration forum of JAMS to administer the arbitration.

24. JAMS is a major nationwide arbitration forum that regularly handles consumer disputes.

25. Respondent received and signed for Petitioner's November 11, 2015 correspondence on November 17, 2015.

26. Respondent did not respond to Petitioner's November 11, 2015 correspondence.

27. On November 30, 2015, Petitioner sent correspondence to Truthfinder with a draft of this petition to compel arbitration, indicating Petitioner's intention to file said petition in this Court on December 18, 2015.

28. Respondent received Petitioner's November 30, 2015 correspondence on December 4, 2015.

29. Respondent did not respond to Petitioner's repeated attempts to resolve this matter before seeking this Court's attention.

30. Truthfinder refuses to arbitrate.

## DISCUSSION

Courts have ruled that parties can be compelled to arbitrate even if the specified arbitration forum is unable to adjudicate the dispute. *Khan v. Dell Inc.*, 2012 WL 163899 (3d Cir. Jan. 20, 2012). In *Dell*, Khan purchased a Dell computer online through Dell's website. To complete the purchase, Khan was required to agree to "Dell's Terms and Conditions of Sale." One of the terms was that any dispute "SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) under its Code of Procedure then in effect." Id. at *1 (emphasis in original). Following a number of problems with the computer, Khan filed a putative consumer class action lawsuit against Dell. At the time the lawsuit was filed, the NAF had been barred from conducting consumer arbitrations by Consent Judgment, which resolved litigation brought by the Minnesota Attorney General.

In response to Khan's lawsuit, Dell moved to compel arbitration arguing that the arbitration provision was binding and covered all of Khan's claims. Khan responded that the arbitration provision was unenforceable because the NAF, which the arbitration provision designated as the arbitration forum, was no longer permitted to conduct consumer arbitrations. Kahn also argued that the NAF's designation was integral to the arbitration provision such that, because the NAF could not perform its function, the arbitration provision in the Terms and Conditions should not be enforced.

The district court denied Dell's motion to compel arbitration holding that the language of the arbitration provision demonstrated the parties' intent to arbitrate exclusively before a particular arbitrator, not simply an intent to arbitrate generally. While the district court acknowledged that some courts had held that 9 U.S.C. § 5 of the FAA provides a

mechanism for the appointment of an arbitrator when a chosen arbitrator is unavailable, the Court found that the designation of the NAF as the arbitrator was integral to the agreement and that substituting another arbitrator would improperly force the parties to "submit to an arbitration proceeding to which they have not agreed." Id.

On appeal, the Third Circuit noted that in determining the applicability of § 5 of the FAA when an arbitrator is unavailable, courts have focused on whether the designation of the arbitrator was "integral" to the arbitration provision or was "merely an ancillary consideration." To be deemed "integral," the Court must find that the parties unambiguously expressed their intent not to arbitrate their disputes in the event the designated arbitration forum is unavailable. The Third Circuit found no such unambiguous expression by the parties in Dell. The court vacated the decision of the district court and instructed the court to appoint a substitute arbitrator.

In the instant petition, Truthfinder expressly provided for the appointment of a substitute arbitrator in its contract—leaving no doubt that Judicate West was not "integral" to arbitration of claims. Truthfinder refuses to arbitrate or participate in the selection of another arbitration forum, despite Petitioner's repeated efforts to engage Truthfinder.

## CONCLUSION

As such, pursuant to 9 U.S.C. § 4, and in light of the established policy recently articulated by the Supreme Court in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), of enforcing bilateral arbitration agreements, this Court should compel the Respondent to resolve these claims in an arbitration proceeding before JAMS.

**WHEREFORE,** the Petitioner requests the Court make and enter an ORDER directing that arbitration proceed before the JAMS arbitration forum. Petition requests any and all further relief he may be entitled.

                                      Petitioner, Christopher Laccinole, pro se

                                      _____
                                      Christopher M. Laccinole
                                      17 Richard Smith Rd.
                                      Narragansett, RI 02882
                                      chrislaccinole@gmail.com